UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA KOERTH, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF MONTGOMERY et al., <br><br> Defendants. | Case No. 3:20-cv-00878 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are three motions to dismiss this action filed by Defendant the City of Clarksville, Tennessee. (Doc. Nos. 25, 35, 38.) Pro se Plaintiff Barbara Koerth has not responded to any of those motions or to two orders of this Court directing her response. (Doc. Nos. 31, 34.) For the reasons that follow, the undersigned Magistrate Judge will recommend that the City of Clarksville's motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b) (Doc. No. 38) be granted and that its two remaining motions to dismiss (Doc. Nos. 25, 35) be denied as moot.

**I.      Factual and Procedural Background**

On October 12, 2020, Koerth filed this action with the assistance of counsel asserting claims individually and on behalf of the estate of her daughter, Kimberlie Taylor Holman, against Defendants Montgomery County, Tennessee, the Montgomery County Jail, the Montgomery County Sheriff's Office, Montgomery County Sheriff John Fuser, Lieutenant Jason Litchfield, Lieutenant Harold Stilts, an unnamed booking sergeant, an unnamed custody sergeant, and the City of Clarksville. (Doc. No. 1.) Koerth invokes this Court's diversity jurisdiction and alleges that

the defendants negligently caused Holman's death, which occurred while in the custody of the Montgomery County Sheriff's Office. (*Id.*)

On January 12, 2021, the City of Clarksville filed a motion to dismiss Koerth's complaint under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(4)–(6). (Doc. No. 25.) The following day, Koerth's counsel moved to withdraw from representation, stating that Koerth had stopped responding to counsel's attempts to communicate with her. (Doc. No. 29.) The Court granted counsel's motion to withdraw and ordered Koerth "to file a notice informing the Court of her representation status by no later than March 12, 2021." (Doc. No. 31, PageID# 143.) Koerth did not comply with that order and, on March 18, 2021, the Court ordered Koerth to show cause by no later than April 1, 2021, "why this action should not be dismissed for her failure to respond to the Court's January 14, 2021 order." (Doc. No. 34.) The Court warned Koerth that failure to comply with the show-cause order would "likely result in a recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) because she has failed to prosecute her claims." (*Id.*) Koerth did not comply with the show-cause order.

On April 7, 2021, the City of Clarksville moved to dismiss Koerth's complaint under Rules 12(b)(6) and 41(b). (Doc. No. 35.) Although the Court ordered Koerth to respond and again warned her that failure to do so may result in a recommendation that her claims be dismissed (Doc. No. 37), Koerth did not file a response in opposition to the City's motion. On April 22, 2021, the City filed another motion to dismiss under Rule 41(b) (Doc. No. 38), to which Koerth has not filed a response.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing

2

*Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of

3
Case 3:20-cv-00878   Document 42   Filed 06/18/21   Page 3 of 7 PageID #: 173

his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Given Koerth's failure to respond to the Court's order requiring her to inform the Court of her representation status, she is presumed to be proceeding pro se. To the extent Koerth brings claims on behalf of Holman's estate, those claims must be dismissed without prejudice due to Koerth's failure to obtain counsel or show that she can represent the estate pro se.

Under 28 U.S.C. § 1654, an individual may represent herself in federal court but may not appear pro se where there are other persons' interests at stake. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other cause." (alteration in original) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998))). While the administrator who is the sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate, *see Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015), Koerth has not shown that she is the administrator and sole beneficiary of Holman's estate or that the estate has no creditors, so she may not appear pro se on behalf of the estate.

Furthermore, dismissal of the entire action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Koerth.

### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct

on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Although there is no indication that bad faith was the motivation for Koerth's failure to respond to her attorney's communications, the City of Clarksville's motions to dismiss, or this Court's orders, this inaction still reflects "willfulness and fault" for purposes of Rule 41(b). *See Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018) (explaining that, "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [d]efendants' motion to dismiss or a response to the [c]ourt's [o]rder to [s]how [c]ause").

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are

not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Discovery has not commenced in this case, and there is no indication that the defendants have been forced to expend time and resources as a result of Koerth's failure to prosecute. The City of Clarksville's motions to dismiss are typical steps in early litigation. *See Schafer*, 529 F.3d at 739–40. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Koerth several times that failure to respond to the City's motions to dismiss or the Court's orders could lead to a recommendation that her claims be dismissed. (Doc. Nos. 34, 37.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where court's prior orders warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See*

*Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Koerth's failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of June, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge